IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN JOHN HAYS                                                                          PLAINTIFF

        v.                     Civil No. 05-5198

BENTON COUNTY SHERIFF'S OFFICE/
DETENTION CENTER, SHERIFF KEITH FERGUSON,
CAPTAIN PETRAY, LT. CARTER, CORPORAL TOMLIN,
NURSE SUE McDONALD, and DR. NEIL MULLINS                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Steven John Hays brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated while detained in the Benton County Detention Center. The defendants have filed a motion to dismiss (Doc. 20) the Benton County Sheriff's Office/Detention Facility as a defendant in this action. The plaintiff has not filed a response to this motion.

In their motion, defendants state that the Benton County Sheriff's Office/Detention Facility is not a person recognized under 42 U.S.C. § 1983, and thus should be dismissed as a party in this action. (Doc. 20.) In the brief in support, defendants explain that section 1983 authorizes the imposition of liability against "persons" who, acting under color of state law, subjects a citizen to a deprivation of constitutional rights, and that the Benton County Sheriff's Office/Detention Facility is a building and not a "person" amenable to suit under section 1983.

We agree. The Benton County Sheriff's Office/Detention Facility is not a legal entity subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject

to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn.1987) (sheriff's department is not legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir.1989).

Therefore, I recommend that defendants' motion (Doc. 13) to dismiss the Benton County Sheriff's Office/Detention Facility as a defendant be GRANTED and this party be DISMISSED.

Notably, there are several other defendants named in this action, so the plaintiff will be able to pursue his claims against these defendants.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2006.

                                         **/s/ Beverly Stites Jones**
                                         _____
                                         HON. BEVERLY STITES JONES
                                         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)